**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTIAN KIM CARANTO, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 15-73258 <br><br> Agency No. <br> A095-684-210 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 1, 2025[**]
Pasadena, California

Before: GOULD, BEA and BADE, Circuit Judges.

Petitioner Christian Kim Caranto ("Caranto") petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his applications for

withholding of removal and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

("CAT"). The parties are familiar with the facts, so we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

Caranto's evidence does not compel us to conclude he qualifies for withholding of removal. A petitioner may qualify for withholding of removal by showing he has been persecuted in the past or "more likely than not" will be persecuted in the future based on his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1)(i), (b)(2). "For withholding of removal, an applicant must show that a protected ground would be 'a reason' for the persecution, a 'less demanding standard' than the 'one central reason' standard for asylum." *Reyes-Corado v. Garland*, 76 F.4th 1256, 1265 (9th Cir. 2023) (quoting *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017)). The agent of persecution must be a government official or someone "the government is unable or unwilling to control." *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (citation omitted). We will only reverse the BIA where "any reasonable adjudicator would be compelled to" draw an opposite conclusion. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citation omitted).

Even if we assume Caranto's proposed social group of past and current Alpha Phi Omega fraternity members were a particular social group, Caranto's application for withholding of removal still fails. First, Caranto does not connect his past or

2

feared future harms to government conduct. Caranto did not go to the police after either of the two incidents he cites, and asserts only that certain national, provincial, and local government officials are corrupt. That does not establish that government officials are "unable or unwilling to control" Tau Gamma Phi members' potential violence. *Reyes-Reyes*, 384 F.3d at 788. Second, Caranto has not shown that future persecution is "more likely than not" to occur. 8 C.F.R. § 1208.16(b)(2). Caranto has not been in the Philippines for 20 years. For his fears to be realized, a "series of worst-case scenarios" would all have to occur, which is insufficient under the "more likely than not" standard. *Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013).

Caranto's evidence does not compel us to conclude he qualifies for protection under the CAT. A petitioner is eligible for protection under the CAT if they establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Torture in the CAT context refers to the infliction of extreme pain or suffering, not "lesser forms of cruel, inhuman or degrading treatment or punishment." *Al-Saher v. INS*, 268 F.3d 1143, 1147 (9th Cir. 2001) (quoting 8 C.F.R. § 208.18(a)(2)). The torture must be inflicted by government officials acting in their official capacity or by others "with the consent or acquiescence" of government officials. *De Leon Lopez v. Garland*, 51 F.4th 992, 1004 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(1)).

3

There is no evidence Caranto has been tortured by or with the acquiescence of government officials in the past or will be tortured in the future. Caranto's past harms amount to a Tau Gamma Phi member allegedly throwing a "pillbox" explosive device at him and a random stabbing while riding on public transportation. Neither constitutes "torture" under the CAT, and neither was committed by or with the acquiescence of a government official. There is insufficient evidence that Caranto is likely to be tortured if returned to the Philippines.

**PETITION DENIED.**